UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

RUBY L. KENNEDY,

Plaintiff,

v.     406CV147

MICHAEL J. ASTRUE, *Commissioner, Social Security Administration,*

Defendant.

## ORDER

Following the Commissioner of Social Security (Commissioner)'s denial of her application for disability benefits, Ruby Kennedy sought judicial review by this Court pursuant to 42 U.S.C. § 405(g) of the Social Security Act.

Before answering Kennedy's complaint, the Commissioner requested, and this Court granted, a sentence-six remand of the case to the Office of Hearings and Appeals for a *de novo* hearing, due to the fact that the tape of the original hearing was "blank and therefore inaudible in its entirety." Doc. ## 12, 13. Based on the Order of remand, the Clerk of the Court entered a judgment in the case. Doc. # 14.

On remand, the administrative law judge (ALJ) determined that no hearing was necessary, as "[t]he evidence of record support[ed] a fully favorable decision." Doc. # 15-2 at 1. Ultimately, the ALJ's 11/4/08 decision concluded that Kennedy "has been under a disability as defined in the Social Security Act since December 23, 2002, the date the prior application was filed." *Id.* at 4.

Presently before the Court is Kennedy's motion for relief from the Clerk's entry of judgment (following the remand), which she claims was erroneous and should now be declared void so that a new final judgment pursuant to the proceedings on remand may be entered. Doc. # 15 at 1-2. Additionally, she requests that the Court direct the Commissioner to file a record of the proceedings on remand with this Court. *Id.* at 2. Included with Kennedy's motion is a copy of the ALJ's decision on remand. Doc. # 15-2.

In his response, the Commissioner "agrees that the Clerk's Judgment ... should be vacated." Doc. # 17 at 1. However, he opposes Kennedy's "statement that a complete transcript must be filed," and urges that "the government need only provide a complete certified record if the decision on remand is less than fully favorable." *Id.* Thus, the Commissioner contends, in the case at hand, where the decision was fully favorable to Kennedy, he "need only submit the final decision," which, he notes, Kennedy has already filed along with her present motion. *Id.* Finally, he agrees that the Court should enter a new judgment affirming the decision issued on remand. *Id.*

The parties are correct that the Clerk's previous entry of a judgment in favor of Kennedy was premature, as it is well-settled that "a sentence-six remand is not a final judgment." *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996). A district court must retain jurisdiction over such a case throughout the remand proceedings due to the fact that "the parties must return to district court after the remand proceedings to file the Commissioner's findings of fact." *Id.* As a result, pursuant to F.R.Civ.P. 60(a), which empowers courts to correct "clerical mistake[s] or [] mistakes[s] arising from oversight or omission" with regard to judgments, the Court orders that the final judgment previously entered, doc. # 14, be vacated. *See American Trucking Ass'ns v. Frisco Transp. Co.*, 358 U.S. 133, 145 (1958) ("It is axiomatic that courts have the

power and the duty to correct ... judgments which have issued due to inadvertence or mistake.").

Next, the parties dispute precisely what material must be filed with the district court following proceedings on a sentence-six remand. Following every sentence-six remand, § 405(g) requires the Commissioner to file with the Court any "additional and modified findings of fact and decision." 42 U.S.C. § 405(g). However, the text of § 405(g) only calls for the filing of "a transcript of the additional record and testimony," where "the Commissioner has not made a decision fully favorable to the individual." *Id.* In a case such as the one at hand, where a hearing was deemed unnecessary and therefore omitted on remand, and the decision is fully favorable such that Kennedy has no reason to seek further review, the Court requires the submission of nothing more than the findings of fact (in the form of the ALJ's Decision), which has already been provided, doc. # 15-2.

Finally, the parties agree that the Court should now enter a new judgment affirming the ALJ's post-remand decision issued on 11/4/08, doc. # 15-2. *See Shalala v. Schaefer*, 509 U.S. 292, 297 (1993) (explaining that in a sentence-six remand (as opposed to a sentence-four remand), judgment is not entered immediately upon the remand order, but is entered "after post-remand agency proceedings have been completed and their results filed with the court"). As the Commissioner has expressed approval of the copy of the ALJ's post-remand decision that Kennedy has filed with this Court, *see* doc. # 17 at 1, and as that decision was fully favorable to Kennedy (and she has not claimed or shown otherwise), affirmation of the 11/4/08 decision, doc. # 15-2, is appropriate.

For the foregoing reasons, the Court *VACATES* the previously-entered judgment, doc. # 14. The 11/4/08 decision of the ALJ, doc. # 15-2, is *AFFIRMED*, and the Clerk is *DIRECTED* to enter a new judgment in favor of the plaintiff.

This day of 20 May 2009.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2