UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

RUBY L. KENNEDY,

Plaintiff,

v.  406CV147

MICHAEL J. ASTRUE, *Commissioner, Social Security Administration,*

Defendant.

## ORDER

Plaintiff Ruby Kennedy filed a claim for disability benefits under the SSA alleging that she was disabled as a result of physical and/or mental impairments. The Commissioner of the SSA denied her application, and she brought this action to appeal the Commissioner's decision. On 11/21/06, the district court remanded the claim to the Commissioner for a de novo hearing due to the fact that the tape of the hearing held before the Administrative Law Judge was blank and therefore inaudible in its entirety, preventing this Court from properly reviewing and resolving Plaintiff's claims. Doc. # 13.

On remand, Kennedy's application for benefits was approved by an Administrative Law Judge and she was awarded $34,459.23 in past-due benefits. Counsel now moves this Court for attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and the Social Security Act (SSA), 42 U.S.C. § 406(b). Doc. ## 20, 21.

I. The *EAJA* Award

The EAJA requires the Court to award attorney's fees to any party prevailing in litigation against the United States unless the Court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). The burden is on the Commissioner to demonstrate that his position was substantially justified. *Stratton v. Bowen*, 827 F.2d 1447, 1450 (11th Cir. 1987). It is undisputed that Kennedy is a prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).

Here, counsel has requested EAJA attorney's fees in the amount of $2,467.16 as well as $350 in costs. Doc. # 20 at 1. This amount represents fees for 7.9 attorney hours and 17.2 paralegal hours of work. The EAJA provides that the hourly rates for attorney's fees shall not exceed $125 per hour adjusted for inflation. Using the Consumer Price Index to adjust for inflation, the adjusted hourly rate cap is $170.78. That rate multiplied by the number total number of hours (7.9*170.78) equals a total of $1,349.16. Counsel requests a rate of $65 per hour for the paralegal work, presumably the rate at which his firm bills its clients for such work. That rate multiplied by the total number of paralegal hours (17.2*65) equals a total of $1,118.00. Thus, the aggregate of the requested fees is $2,467.16.

The Court has reviewed counsel's billing records and concludes that 7.9 hours of attorney work and 17.9 hours of paralegal work does not seem unreasonable for this case. The Commissioner has filed a response indicating that he consents to $2,467.16 in attorney's fees as well as $350.00 for the initial filing fee. Doc. # 23.

Plaintiff's counsel requests that the attorney's fee award be paid directly to him. The Eleventh Circuit has held that the EAJA directs an award of attorney's fees go to the plaintiff, and not to the party's attorney. *Reeves v. Barnhart*, 526 F.3d 732, 738 (11th Cir. 2008). However, Plaintiff has consented to having the attorney's fees paid

directly to counsel, doc. # 20 at 3, and the Commissioner does not object. Nonetheless, for reasons discussed at the end of this Order, the Court denies the request to have the EAJA award paid directly to counsel.

## II. The SSA § 406(b) Award

Parties may seek and receive fees under both the SSA and the EAJA. *See generally Watford v. Heckler*, 765 F.2d 1562 (11th Cir. 1985); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794-95 (2002). However, to avoid double recovery of attorney's fees, a claimant's attorney who is awarded attorney's fees under both § 406(b) and the EAJA must refund the lesser amount to his client, up to the point the claimant receives 100 percent of the past-due benefits. *Gisbrecht*, 535 U.S. at 796. Thus, in the event the Court grants the request for a § 406(b) fee award in addition to the EAJA award approved above, the lesser of the two sums will be paid directly to the Plaintiff.[1]

Section 406(b)'s fee award provision has been described as follows:

> Pursuant to 42 U.S.C. § 406(b), the Court may award a successful claimant's counsel attorney's fees for work performed before the Court in a "reasonable" amount, not to exceed twenty-five percent (25%) of the total past due benefits awarded to the claimant. These fees are awarded from the past due benefits awarded to the claimant and are withheld from the claimant by the Commissioner. *Id.* This provision supplements 42 U.S.C. § 406(a), which provides that the Commissioner may award attorney's fees to a successful claimant's counsel for work performed before the Social Security Administration.

*Coppett v. Barnhart.* 242 F. Supp. 2d 1380, 1382-83 (S.D. Ga. 2002).

Here, Plaintiff's counsel seeks $3,314.81 in § 406(b) attorney's fees, which equals 9.6% of the $34,459.23 in past-due disability benefits awarded to the Plaintiff, easily satisfying the provision's requirement that the fee request not exceed 25% of the benefits award.

The Court further concludes that the amount requested "is reasonable for the services rendered." *See* 42 U.S.C. § 406(b).

> The best indicator of the reasonableness of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client.... However, a fee pursuant to a contingency contract is not per se reasonable. The contingency fee negotiated by the claimant and his counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent (25%) statutory limit, the agreement involved fraud or overreaching in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or would provide a fee so large as to be windfall to the attorney.

*Coppett*, 242 F. Supp. 2d at 1383 (quotes and cites omitted). To aid in this assessment, a court may consider, "as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

---

[1] More precisely, if the SSA award is less than the EAJA award, then the SSA award will not be withheld from the claimant's past due benefits award.

2

At the outset of the representation at hand, Plaintiff and counsel agreed to a contingency of no more than 25%. Although counsel does not state that he has received any award for his work before the Administration pursuant to § 406(a), he attached as an exhibit the Administration's Notice of Award, which indicated that counsel could charge Plaintiff up to $5,300 dollars for such work. Doc. # 21-3. Presumably, Plaintiff's counsel has collected or will collect that amount. When the $5,300 is added to a § 406(b) award of $3,314.81, the total attorney's fees received by counsel equals $8,614.81 (that is, 25% of the benefits award). Thus, Counsel has clearly honored the agreed-upon 25% contingency fee cap. Additionally, Plaintiff's counsel states that some 25.1 hours (7.9 attorney hours and 17.2 paralegal hours) were dedicated by his legal staff to this case, doc. # 20-2 at 3, and this Court has seen no evidence indicating that the fee amount requested is unreasonable in light of the work performed here. Finally, the Commissioner has filed a response indicating that he consents to this fee amount. Doc. # 23. As a result, the Court finds that the fee amount presently sought by Plaintiff's counsel ($3,314.81) pursuant to 42 U.S.C. § 406(b) does not violate the statutory cap, is not a product of fraud or overreaching, and is reasonable.

### III. Conclusion

For the foregoing reasons, the Court *GRANTS* counsel's request for attorney's fees and costs under the EAJA in the amount of **$2,817.16**. Doc. # 20. The Court also *GRANTS* counsel's request for fees under 42 U.S.C. § 406(b) in the amount of **$3,314.81**. Doc. # 21.

However, as Plaintiff's counsel acknowledged in his brief, doc. # 21-2 at 2, a claimant's attorney who is awarded attorney's fees under both § 406(b) and the EAJA must refund the lesser amount to his client. *Gisbrecht*, 535 U.S. at 796. As a result, the Court *DENIES* counsel's request that the EAJA award be submitted directly to him. Instead, the typical protocol for EAJA awards should be followed, and the award should be paid directly to Plaintiff.

This day of 18 August 2009.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3